IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FREDERICK BARTON**                                                                 **PETITIONER**

**v.**                          **NO. 4:25-cv-00309-BSM-PSH**

**DEXTER PAYNE**                                                                      **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Introduction. In this case, filed pursuant to 28 U.S.C. 2254, petitioner Frederick Barton ("Barton") makes what appears to be a three-fold challenge. He first appears to challenge his January of 2006 negotiated plea of guilty in Pulaski County Circuit Court case number 60CR-05-2370. Second, he appears to challenge the sentence he received in 60CR-05-2370, a part of which requires that he register as a sex offender. Last, he appears to also challenge his August of 2008 negotiated plea of guilty to violating the terms of the probation he received in 60CR-05-2370. It is recommended that Barton's petition be dismissed. It is barred by limitations and, alternatively, the claims contained in his petition are procedurally barred from federal court review.

Background. The record in this case reflects that in January of 2006, Barton entered a negotiated plea of guilty in 60CR-05-2370 to a reduced charge of sexual indecency with a child. See Docket Entry 8, Exhibit A.[1] He was sentenced to a period of probation and ordered to complete the Sex Offender Registration Form, which obligated him to register as a sex offender.

---

[1] The record indicates that Barton was initially charged with sexual assault in the second degree. See Docket Entry 8, Exhibit A.

Barton subsequently violated the terms of the probation he received in 60CR-05-2370. In August of 2008, he entered a negotiated plea of guilty to violating the terms and was sentenced to sixty months of imprisonment. See Docket Entry 8, Exhibit C at CM/ECF 6-7.[2] A judgment and commitment order was entered, then amended in November of 2009. See Docket Entry 8, Exhibit B. His obligation to register as a sex offender was not disturbed.

After Barton completed the sentence in 60CR-05-2370, he failed to register as sex offender. In June of 2023, he entered a negotiated plea of nolo contendere in 60CR-22-3144 to a charge of failing to register. See Barton v. Payne, 4:25-cv-00233-LPR-JTK (E.D. Ark.), Docket Entry 9. He was sentenced to thirty-six months of imprisonment.[3]

---

[2] Docket Entry 8, Exhibit B appears to indicate that Barton entered the negotiated plea in December of 2008. The actual month of the plea, though, is ultimately of no significance in the disposition of this case.

[3] In March of 2025, Barton challenged his plea and sentence in 60CR-22-3144 by filing a petition for writ of habeas corpus. See Barton v. Payne, 4:25-cv-00233-LPR-JTK. Payne construed Barton's claims in 4:25-cv-00233-LPR-JTK in the following manner:

> … Barton's claims center on his contention that he is innocent of a violation of the state sex-offender-registration act because the law did not require him to register beyond a 15-year period, which had expired before he was charged. … [H]e asserts that, prior to the violation with which he was charged, his obligation to register had terminated under state law—a defense to the charge. … All other "claims" made hinge on and are collateral to that premise.

See Barton v. Payne, 4:25-cv-00233-LPR-JTK, Docket Entry 9 at CM/ECF 5. That case is currently ongoing.

<u>This Case</u>. In March of 2025, Barton began this case by filing the petition at bar. In the petition, he appeared to challenge the following: (1) his January of 2006 negotiated plea of guilty in 60CR-05-2370; (2) the requirement that he register as a sex offender, a requirement first imposed in January of 2006; and (3) his August of 2008 negotiated plea of guilty to violating the terms of his probation in 60CR-05-2370. A summary of his claims is quite difficult, although this much is clear: most of them center on his objection to his continuing obligation to register as a sex offender. Specifically, they include the following claims: trial counsel did not explore the possibility that Barton is innocent and coerced him to plead guilty, the state breached an agreement that he would not have to register as a sex offender, the November of 2009 amended judgment violated his constitutional rights, he was charged under a statute that did not require registration as sex offender, and his obligation to register should end because he has been registering for more than fifteen years.

Payne filed a response to the petition. In the response, Payne asked that the petition be dismissed for three reasons. First, he maintained that the petition should be dismissed due to a lack of jurisdiction. It was Payne's contention that Barton is not "in custody" for purposes of 28 U.S.C. 2254. With respect to that assertion, Payne alleged the following:

4

> Barton does not claim that he remains in respondent's custody on the judgment at issue. He began serving the five-year sentence imposed on the revocation of his probation in ... 60CR-05-2370 in 2008, served that sentence and was released from it years ago. The issue on which Barton's petition centers, instead, is his continuing obligation to register under the state sex-offender registration law. But that lawful obligation does not impose a restraint on Barton's liberty sufficient to confer federal habeas jurisdiction on this Court.

See Docket Entry 8 at CM/ECF 4.

Second, Payne maintained that the petition should be dismissed because it is time barred. With respect to that assertion, Payne used the November of 2009 filing of the amended judgment in 60CR-05-2370 as the starting point for the one-year limitations period.[4] Payne alleged that Barton had until December of 2010 to seek federal habeas relief. Barton failed to do so, and there is nothing to suggest that he properly filed a post-conviction proceeding in state court in the year following the entry of the amended judgment, an act that might have tolled the one-year period.

---

[4] In a footnote, Payne explained why he used November of 2009 as the starting point for the one-year limitations period:

> ... For the sake of expediency and ease of calculation, and not by way of concession of the merits of the time calculation or the issue of whether the result of the 2008 probation-revocation was some new or surpassing judgment, respondent calculates from the date of entry of the amended probation-revocation judgment filed of record on November 5, 2009. ...

See Docket Entry 8 at CM/ECF 8, n.4.

Third, Payne maintained that the petition should be dismissed because the claims contained in it are procedurally barred from federal court review. With respect to that assertion, Payne noted that Barton never presented any of the claims at bar to the state courts consistent with the state's procedural rules, and there is no reason to excuse his failure to do so.

Barton thereafter filed a reply. A concise summary of his reply is not easy. He appears to maintain that his petition is not time barred because of what he characterizes as newly discovered evidence, evidence that includes having only recently discovered he is no longer obligated to register as a sex offender.

Custodial Requirement. Payne notes that the federal habeas statute, 28 U.S.C. 2254, contains a custodial requirement, that the applicant be "in custody" pursuant to the judgment of a state court. Although the requirement is typically given a liberal construction, the applicant is not "in custody" for a conviction "after the sentence imposed for it has fully expired …" See Maleng v. Cook, 490 U.S. 488, 492 (1989). The long-lasting collateral consequences of a conviction, e.g., the "inability to vote, engage in certain businesses, hold public office, or serve as a juror," see Id. at 491-492, are not sufficient to satisfy the custodial requirement.

In August of 2008, Barton began serving the sixty-month sentence he received for violating the terms of his probation in 60CR-05-2370, and he completed the sentence. Although he is still in custody, he is in custody because of the thirty-six-month sentence he received in June of 2023 in 60CR-22-3144 for failing to register as a sex offender.

Barton maintains that he satisfies the custodial requirement here because he still must register as a sex offender. Payne acknowledges that "[t]he Eighth Circuit has not addressed whether state mandatory requirements to register as a sex offender may be considered a direct continuing injury rather than a mere collateral consequence of a sex offense conviction." See Docket Entry 8 at CM/ECF 5. Payne notes, though, that a "majority of other circuits court ... uniformly hold that sex offender registration requirements are merely collateral consequences of a conviction." See Docket Entry 8 at CM/ECF 5.

It is likely that were the Court of Appeals presented with the question, the appellate court would find that a sex offender registration requirement is only a collateral consequence of a conviction. Without clear guidance, though, the undersigned is reluctant to find that such a requirement is indeed a collateral consequence. The undersigned will therefore bypass whether Barton is "in custody" for purposes of this case.

7

Limitations. A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that period, excluding any time during which the period is tolled or otherwise extended, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne maintains that the limitations period in this case is that found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. As the undersigned noted, Payne used the November of 2009 filing of the amended judgment in 60CR-05-2370 as the starting point for the one-year limitations period.

Payne's position has merit and is adopted. The limitations period is that found at 28 U.S.C. 2244(d)(1)(A). The undersigned joins Payne in finding that the one-year period began in November of 2009 when the amended judgment was filed. Barton therefore had up to November of 2010 to file a timely petition pursuant to 28 U.S.C. 2254. He waited, though, until March of 2025 to file the petition at bar. As a result, it is untimely. The only question is whether there is some reason for tolling the limitations period or otherwise excusing the untimely filing of his petition.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward the limitations period. This sub-paragraph, though, is of no benefit to Barton. He has offered no proof, and the undersigned knows of none, that he properly filed an application for state post-conviction or other collateral review in which he challenged his January of 2006 negotiated plea of guilty in 60CR-05-2370, the sentence he received in that case, or his August of 2008 negotiated plea of guilty to violating the terms of the probation he received in 60CR-05-2370.

Although 28 U.S.C. 2244(d)(2) is of no benefit, the limitations period can be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals stated as follows:

> ... "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceeding narrow window of relief...." ... "The one-year statute of limitations may be equitable tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" ...

See Id., at 1195 (citations and italics omitted).

Here, equitable tolling is not warranted for two reasons. First, Barton has not been pursuing his rights diligently. He waited over fifteen years from the filing of the amended judgment in 60CR-05-2370 to file the petition at bar. Second, he has not shown that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. Although he offers what he characterizes as newly discovered evidence, e.g., he was charged for violating a statute that does not require registration as a sex offender, he knew, or should have known, of the evidence years ago.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). The untimely filing is excused if the petitioner can show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D. Ark. 2018) (citations and internal quotation marks omitted).

The actual innocence exception affords Barton no benefit. He has not offered new evidence showing that he is innocent, and he cannot show that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Given the foregoing, the undersigned finds that Barton's petition is untimely. It was filed outside the limitations period, and there is no reason for tolling the period or excusing the untimely filing of his petition.

Procedural Bar.[5] Generally, the federal courts will not consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Wallace v. Lockhart, 12 F.3d 823 (8th Cir. 1994). A claim not properly presented to the state courts can nevertheless be considered if the petitioner can show cause for his procedural default and actual prejudice or, alternatively, show that the failure to consider the claim will result in a fundamental miscarriage of justice. See Anderson v. Kelley, No. 5:12-cv-00279-DPM, --- F.Supp.2d ---, 2017 WL 1160583 (E.D. Ark. Mar. 28, 2017).

Here, Barton did not present the claims at bar to the state courts of Arkansas. He never appealed any aspect of his guilty pleas and never filed a petition for post-conviction relief.[6] He has procedurally defaulted the claims, and the only question is whether his default can now be excused.

---

[5]     Although Barton's petition is clearly time-barred, the undersigned will briefly address Payne's assertion of procedural bar.

[6]     Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014).

It is possible to construe Barton's pro se submissions in such a way to find an assertion of cause for his procedural default. Liberally construing his submissions, he appears to allege that the default should be excused because he only recently learned he was charged with violating a statute that does not require registration as a sex offender. As the undersigned observed above, though, Barton knew, or should have known, of the allegedly newly discovered evidence years ago.

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Barton has failed, though, to make that showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Accordingly, the undersigned finds that Barton failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are therefore procedurally barred from federal court review.

Recommendation. It is recommended that Barton's petition be dismissed because it is barred by limitations and, alternatively, the claims contained in his petition are procedurally barred from federal court review. All requested relief should be denied, and judgment should be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Barton cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 27th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE